IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| GAIL RICHARDSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 1:09-0426 |
| | ) |
| AMBER NELSON, Warden, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 24, 2009, Petitioner,[1] an inmate formerly incarcerated at FPC Alderson, Alderson, West Virginia, and acting *pro se*, filed her Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[2] (Document No. 2.) Petitioner alleges that the

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed her Section 2241 Petition while incarcerated at FPC Alderson, located in Alderson, West Virginia. FPC Alderson lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, she was transferred by the BOP to FCI Victorville, which is located in the Central District of California. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding her transfer to a prison outside this District.

[2] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Federal Bureau of Prisons [BOP] is improperly calculating her term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## PROCEDURE AND FACTS

Petitioner was arrested by Federal authorities on May 9, 2003, on charges of Possession of a Firearm by a Felon and Possession with Intent to Distribute a Controlled Substance. (Document No. 12-1, p. 7.) Petitioner was released on a $10,000 personal recognizance bond on May 14, 2003. (Id.) On December 23, 2003, Petitioner was arrested by State authorities on charges of Possession of a Controlled Substance. (Id., p. 10.) On July 8, 2004, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Illinois. (Id., p. 8.) On March 17, 2006, the United States District Court for the Northern District of Illinois imposed a 138 month term of imprisonment in Criminal Action No. 03-0474. (Id., pp. 12 - 17.) On May 25, 2006, Petitioner was returned to State custody. (Id., p. 7.) On June 15, 2006, the Circuit Court of Cook County, Illinois, imposed a four year term of imprisonment in Case No. 02-cr-2192401 and a three year term of imprisonment in Case No. 04-cr-192802. (Id., pp. 19 - 22.) The Circuit Court of Cook County ordered Petitioner's terms of imprisonment to run concurrently with Petitioner's Federal sentence. (Id., p. 19 and 22.) Petitioner was released to parole on her State sentence on August 22, 2006, and was taken into Federal custody by the United States Marshals Service on a Federal detainer. (Id., p. 24 and 26.)

On April 24, 2009, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 2.) Petitioner alleges that the BOP is improperly calculating the term of her imprisonment. (Id.) Specifically, Petitioner appears to

2

contend that the BOP is improperly denying her Federal credit for the time he served in State custody. Specifically, Petitioner requests credit for time served since December, 2003. (Id., p. 8.)

On May 20, 2010, Petitioner filed an Amended Petition alleging that the Northern District of Illinois denied her Section 3582 Motion without appointing counsel. (Document No. 7.) Petitioner contends that the Northern District of Illinois "denied my right to due process and assistance of counsel in that matter." (Id., p. 1.) As Exhibits, Petitioner attaches the following: (1) A copy of Warden Donna Zickefoose's Response denying Petitioner's request for administrative remedy (Id., p. 2.); (2) A copy of Regional Director D. Scott Dodrill's Response (Id., p. 3.); (3) A copy of United States v. Richardson, 2008 U.S. Dist. LEXIS 92059 (N.D.Ill. Nov. 13, 2008) (Id., pp. 4 - 6.); and (4) A copy of a letter from the BOP to the Federal sentencing judge dated June 11, 2007, requesting the Court's position on nunc pro tunc designation (Id., pp. 7 - 8.).

By Order entered on June 7, 2010, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 10.) On July 8, 2010, Respondent filed her Response to the Order to Show Cause. (Document No. 12.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "The Bureau of Prisons has appropriately calculated Petitioner's sentence" (Id., pp. 4 - 7.); and (2) "A nunc pro tunc designation is not warranted" (Id., pp. 7 - 8.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of Alan Ray, Management Analyst (Document No. 12-1, pp. 2 - 5.); (2) A copy of the U.S. Marshals Service Form 129 (Id., pp.7 - 8, 26.); (3) A copy of Cook County Department of Corrections' "Verification of Incarceration" dated June 14, 2010 (Id., p. 10.); (4) A copy of Petitioner's Judgment and Commitment Order as filed in the United States District Court for the Northern District of Illinois in

3

Criminal Action Number 03-0474 (Id., pp. 12 - 17.); (5) A copy of the "Certified Statement of Conviction/Disposition" as filed in the Circuit Court of Cook County, Illinois in Case No. 02-cr-2192401 (Id., pp. 19 - 20.); (6) A copy of the "Certified Statement of Conviction/Disposition" as filed in the Circuit Court of Cook County, Illinois in Case No. 04-cr-0192802 (Id., p. 22.); (7) A copy of Illinois Department of Corrections Offender Tracking System/Offender Custody History (Id., pp. 24.); (8) A copy of Petitioner's Federal "Sentence Monitoring Computation Data as of 06-14-10" (Id., pp. 28 - 30.); and (9) A copies of the "Factors Under 18 U.S.C. § 3621(b) Worksheet" concerning Petitioner (Id., p. 32.).

Petitioner failed to file a Reply to Respondent's Response.

## ANALYSIS

**A.     Petitioner's Federal sentence did not commence until August 22, 2006.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). Primary jurisdiction is not relinquished when an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998)(citing Thomas v. Whalen, 962 F.2d 358, 361, n. 3 (4th Cir. 1992)("A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody

commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

Federal authorities arrested Petitioner on May 9, 2003, thereby obtaining primary jurisdiction. Federal authorities, however, released Petitioner on bond on May 14, 2003 resulting in the relinquishment of primary jurisdiction. State authorities then arrested Petitioner on December 23, 2003, thereby obtaining primary jurisdiction. Petitioner was then temporarily transferred into Federal custody on July 8, 2004, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon her Federal charges and sentenced on March 17, 2006, to a 138-month term of imprisonment. She was then transferred back into State custody on May 25, 2006, and sentenced on June 15, 2006, to a four year term of imprisonment in Case No. 02-cr-2192401 and a three year term of imprisonment in Case No. 04-cr-192802. The Circuit Court of Cook County ordered these terms of imprisonment to run concurrently with Petitioner's Federal sentence. The record indicates that Petitioner's Federal sentence commenced on August 22, 2006, the day she was released to Federal custody. Currently, Petitioner is scheduled to be released from Federal custody, via good time credit, on August 23, 2016. Petitioner appears argues that the BOP should have awarded her credit for the time she served in State custody in order to effectuate the State judge's determination that her Federal and State sentences should run concurrently. It is well recognized, however, that "a determination as to concurrence of sentence made by one sovereign does not bind the other." Jake v. Hershberger, 173 F.3d 1059, 1065 (7th Cir. 1999); Also see Gibson v. Murray, 2006 WL 2668528 * 4 (W.D.Pa. Sep. 14, 2006)(stating that "[w]hile the federal court had the authority to order petitioner's federal sentence to run concurrently with his state sentence, the court order cannot require Pennsylvania authorities to run his Pennsylvania sentence concurrently with his federal sentences"); Piercy v. Black, 801 F.2d 1075, 1078 (8th Cir. 1986)(stating that "one state cannot control the manner in which

5

another state administers its criminal justice system"); United States v. Miller, 49 F.Supp.2d 489, 494 - 495 (E.D.Va 1999)(stating that "a state court cannot unilaterally impose a concurrent sentence between a federal and state court"). A State, therefore, may not compel the Federal government to run Petitioner's Federal sentence concurrently with her State sentence. Accordingly, Petitioner's Federal sentence did not commenced until August 22, 2006, the day of she was released into Federal custody.

**B.     Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

**(1)** as a result of the offense for which the sentence was imposed; or

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for her detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner properly received pre-sentence credit against her Federal sentence for the time period from May 9, 2003 (the date of her arrest by Federal authorities) through May 14, 2003 (the day she was released on bond by Federal authorities). Petitioner is seeking Federal credit for time served after her arrest by State authorities (December 23,

6

2003). Petitioner received credit towards her State sentence for the time period of December 23, 2003 (date of her arrest by State authorities), through August 21 2006 (date she completed her State sentence). The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for December 23, 2003, through August 21, 2006.

**C.     Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
>     **(1)** the resources of the facility contemplated;
>
>     **(2)** the nature and circumstances of the offense;

7

>   **(3)** the history and characteristics of the prisoner;
>
>   **(4)** any statement by the court that imposed the sentence --
>
>   > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   >
>   > **(B)** recommending a type of penal or correctional facility as appropriate; and
>
>   **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered Petitioner for nunc pro tunc designation. By letter dated June 11, 2007, the BOP contacted the Judge Anderson, the Federal sentencing judge, requesting his position as to nunc pro tunc designation. (Document No. 7, pp. 7 - 8 and Document No. 12-1, p. 4.) The Federal sentencing judge, however, failed to respond. (Document No. 12-1, p. 4.) Upon consideration of the criteria set forth in Section 3621(b), the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for nunc pro tunc designation. (Id., p. 32.) Specifically, the BOP determined that nunc pro tunc designation was not appropriate based on the "nature of the instant offense, lack of clarification from the Court, and her recent incident report." (Id.) Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.[3]

---

[3] The Court finds that Petitioner's circumstances differ from those in *Jefferson v. Berkebile*, 688 F.Supp.2d 474 (S.D.W.Va. Jan. 27, 2010). Unlike *Jefferson*, there is no evidence that the Federal sentencing judge imposed Petitioner's Federal sentence based upon false assumptions concerning Petitioner's State sentence. In *Jefferson*, the Federal sentencing judge made statements indicating that a lengthy Federal sentence was imposed based on the assumption that (1) petitioner's impending

**D.       Petitioner's Motion to Amend Sentence Pursuant to Rule 36 should be denied.**

In her Amended Petition, Petitioner alleges that the Northern District of Illinois erred in denying her Section 3582 Motion. (Document No. 7.) Specifically, Petitioner claims that the Northern District of Illinois "denied my right to due process and assistance of counsel in that matter." (Id.) This Court does not have jurisdiction to review the denial of Petitioner's Section 3582 Motion by the Northern District of Illinois. To the extent Petitioner wished to challenge the decision of Northern District of Illinois, she should have filed an appeal with the Seventh Circuit Court of Appeals. The undersigned, therefore, recommends that Petitioner's Section 2241 Petition be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 2 and 7.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule

---

State sentence would run concurrently with his Federal sentence, (2) petitioner would be transferred from a State jail to a Federal prison shortly after the sentencing hearing, and (3) petitioner's Federal sentence would likely be the only punishment petitioner would receive. In *Jefferson*, the District Court concluded that the Federal sentencing judge's false "assumption about petitioner's impending state sentence was a principal reason for the decision to impose an upward departure." *Id.*, 688 F.Supp.2d at 486. Unlike the facts in *Jefferson*, there is no evidence that the Federal sentencing judge imposed a greater sentence based upon a false assumption that Petitioner would serve her Federal and State sentences concurrently. Furthermore, there is no indication in the record that the Federal sentencing judge intended for Petitioner's Federal sentence to run concurrent with her State sentence.

6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 11, 2012.

R. Clarke VanDervort
United States Magistrate Judge